NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000434
28-JUN-2018
08:00 AM**

NO. CAAP-17-0000434

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LOUIS WILLIAMS, also known as Louis Edwards Williams,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 16-1-1654)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

Defendant-Appellant Louis Williams, also known as Louis Edwards Williams, was convicted by a jury on two counts of Assault in the Third Degree pursuant to Hawaii Revised Statutes ("HRS") section 707-712(1)(a)[1] following an altercation between Williams and his two roommates, Aliyah Bayliss and John Kasman. Williams appeals from the Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit ("Circuit Court")[2] on May 8, 2017. The Circuit Court sentenced Williams

---

[1]     The statute provides, in relevant part, that

>       (1) A person commits the offense of assault in the third degree if the person:
>
>       (a)     Intentionally, knowingly, or recklessly causes bodily injury to another person[.]

Haw. Rev. Stat. § 707-712(1)(a) (2014).

[2]     The Honorable Christine E. Kuriyama.

to thirty-days imprisonment with credit for time served and one-year probation.

On appeal, Williams contends that the Circuit Court erred when it (1) ruled that the Plaintiff-Appellee State of Hawai'i had made out a prima facie case for Assault in the Third Degree as to the alleged assault against Kasman in response to Williams' first motion for judgment of acquittal,[3] and (2) denied Williams' second motion for judgment of acquittal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments they advance and the issues they raise, as well as the relevant statutory and case law, we affirm.

(1) In his first point of error, Williams asserts that because Kasman was unavailable to appear during the trial, the State had failed to present evidence to support a finding or conclusion by the trier of fact that Kasman felt pain after he was sprayed by Williams with what was alleged to be pepper spray. Specifically, Williams argues that because Kasman did not take the stand to testify about the pain he suffered at the hands of Williams "[n]o one is qualified to read Mr. [Kasman's] thoughts whether or not he's actually feeling pain." The Circuit Court denied Williams' motion, stating, "Based on the physical descriptions provided by the State's witnesses, the jury can determine did Mr. [Kasman] feel pain, or did he not feel pain? It's not up to the Court to decide. It's up to the jury to decide."

According to Williams, the State needed to: (1) produce the bottle of pepper spray that it said was used by Williams; (2) have that liquid tested to confirm that it is in fact pepper spray; and (3) call an expert to the stand to authenticate the contents of the bottle and to testify that spraying that liquid on a person will cause pain to the sprayed person. We disagree.

---

[3]     Count 1 of the Complaint charged Williams with assault upon Bayliss, while Count 2 charged Williams with assault upon Kasman. Williams' opening brief confusingly describes the first point of error as being with respect to "both counts," but proceeds then to describe the point of error as relating to Count 2 only, and addresses only that second count in the argument section. Thus, we treat Williams' first point as relating only to Count 2.

To prove Assault in the Third Degree, the State need not prove the use of a particular instrument, but only (1) that the defendant caused bodily injury to another person and (2) that the defendant did so intentionally, knowingly, or recklessly. *See* Haw. Rev. Stat. § 707-712(1)(a) (2014).

"Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." Haw. Rev. Stat. § 707-700 (2014). A plain reading of HRS sections 707-712 and 707-700, with specific emphasis on HRS section 707-712(1)(a), does not reveal or suggest that for a defendant to be convicted of Assault in the Third Degree, the State must prove what caused bodily injury to the complaining witness, or that the only way for the State to prove that a defendant caused bodily injury to another is by having that person testify themselves as to the pain they felt. *See State v. King*, 139 Hawaiʻi 249, 253, 386 P.3d 886, 890 (2016) (citing *State v. Alangcas*, 134 Hawaiʻi 515, 525, 345 P.3d 181, 191 (2015)) ("[S]tatutory construction begins with an examination of the plain language in order to determine and give effect to the legislative intent and purpose underlying the statute."). Accordingly, the statute does not require identification of the substance used, but rather, whether that substance *caused bodily injury* to the victim. The State was therefore not required to prove that the unknown spray was in fact pepper spray.[4]/

The next issue is whether the State proved beyond a reasonable doubt that Williams caused bodily injury to Kasman, regardless of the substance that he used. On appeal, this becomes a question of whether there was substantial evidence to support Williams' conviction. *State v. Maldonado*, 108 Hawaiʻi 436, 442, 121 P.3d 901, 907 (2005) (citation omitted). As such, we review the evidence in the strongest light for the prosecution. *State v. Pone*, 78 Hawaiʻi 262, 265, 892 P.2d 455, 458 (1995).

---

[4]/ Nonetheless, Williams' admitted to having pepper spray in his pocket and to having sprayed Kasman with it during the incident.

Proof of bodily injury to Kasman was made more difficult by the fact that Kasman died before he could testify at trial. It is well-settled, however, that "guilt may be proved beyond a reasonable doubt on the basis of reasonable *inferences* drawn from circumstantial evidence[,]" *Pone*, 78 Hawai'i at 273, 892 P.2d at 466 (internal quotation marks omitted) (quoting *State v. Simpson*, 64 Haw. 363, 373 n.7, 641 P.2d 320, 326 n.7 (1982)), and that the State may resort to such evidence when the complaining witness is deceased. *Cf. State v. Kekona*, 120 Hawai'i 420, 438-41, 209 P.3d 1234, 1252-55 (App. 2009) (discussing cases in which it was appropriate to admit circumstantial evidence of a deceased victim).

In this case, Bayliss and Heather MacGregor, the parties' landlord, testified that, in the midst of an argument between Bayliss and Williams, Williams responded by spraying Bayliss in the face with a mace-like or pepper-spray-like substance, that her eyes "burned intensely" and "hurt" from the spray, and that he subsequently sprayed Kasman with the same substance. MacGregor corroborated Bayliss' testimony, describing both Kasman's and Bayliss' reactions to being sprayed by Williams as "miserable." Aaron Bullock, a tenant who lived in the same residence as Williams, Bayliss, Kasman, and MacGregor, likewise testified that he assumed the substance used on Bayliss and Kasman was pepper spray based on their reactions to getting sprayed.

The jury, "as trier of fact . . . is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." *Pone*, 78 Hawai'i at 265, 892 P.2d at 458 (quoting *State v. Batson*, 73 Haw. 236, 249, 831 P.2d 924, 931 (1992)). An inference is "a logical and reasonable conclusion of the existence of a fact . . . from the establishment of other facts[,] from which, by the process of logic and reason, and based *upon human experience*, the existence of the assumed fact may be concluded by the trier of fact." *Pone*, 78 Hawai'i at 273, 892 P.2d 455 at 466 (emphasis and ellipsis in original) (quoting *State v. Emmsley*, 3 Haw. App. 459, 464-65, 652 P.2d 1148, 1153 (1982)). "[I]t is well-settled that

an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact]." *State v. Stocker*, 90 Hawai'i 85, 90, 976 P.2d 399, 404 (1999) (brackets in original) (quoting *State v. Buch*, 83 Hawai'i 308, 321, 926 P.2d 599, 612 (1996)).

Furthermore, this court has stated that bodily injury may be established by lay testimony as long as the lay witness had a "suitable opportunity for observation":

> evidence of bodily injury may be established by lay testimony which is rationally based on the perception of the witness. HRE Rule 701; *cf. Cozine v. Hawaiian Catamaran, Ltd.*, 49 Haw. 77, 113, 412 P.2d 669, 691 ("The general rule is that a nonexpert witness who has had suitable opportunity for observation may state inferences from transient physical appearances, as that a person was in pain and suffering," where all the facts cannot be placed before the jury and the inference is not one requiring "special skill, knowledge and experience[.]"), *reh'g denied*, 49 Haw. 267, 414 P.2d 428 (1966).

*State v. Tanielu*, 82 Hawai'i 373, 379, 922 P.2d 986, 992 (App. 1996).

The standard employed by the appellate courts in reviewing the trial court's grant or denial of a motion for judgment of acquittal is "whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *State v. Hicks*, 113 Hawai'i 60, 69, 148 P.3d 493, 502 (2006) (quoting *Maldonado*, 108 Hawai'i at 442, 121 P.3d at 907).

Here, upon the evidence presented by Bayliss, Bullock and MacGregor, viewed in the light most favorable to the prosecution, and in full recognition of the province of the trier of fact, a reasonable juror could fairly conclude that Kasman felt pain after Williams sprayed him in the face with what was alleged to be pepper spray. *See Hicks*, 113 Hawai'i at 69, 148 P.3d at 502; *Pone*, 78 Hawai'i at 265, 273, 892 P.2d 455 at 458, 466 (citations omitted) (recognizing that "guilt may be proved beyond a reasonable doubt on the basis of reasonable *inferences* drawn from circumstantial evidence" (quoting *Simpson*, 64 Haw. at 373 n.7, 641 P.2d at 326 n.7) and that the jury "as trier of fact

. . . is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." (quoting *Batson*, 73 Haw. at 249, 831 P.2d at 931); *Tanielu*, 82 Hawai'i at 379, 922 P.2d at 992 ("[E]vidence of bodily injury may be established by lay testimony which is rationally based on the perception of the witness." (citing Hawai'i Rules of Evidence Rule 701); *State v. Mattiello*, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) ("[I]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the [trier of fact]." (quoting *Stocker*, 90 Hawai'i at 90, 976 P.2d at 404 (brackets in original)).

Accordingly, the record demonstrates that Williams intentionally, knowingly, or recklessly caused "bodily injury" to Kasman within the meaning of HRS section 707-712(1)(a), and the State proved beyond a reasonable doubt that Williams committed the offense of Assault in the Third Degree against Kasman. Therefore, the Circuit Court did not err in denying Williams' first motion for judgment of acquittal as to Count 2.

(2) In his second point of error with regard to the Circuit Court's denial of his second motion for judgment of aquittal, Williams renews his argument that the State "need[ed] to produce at trial the actual pepper spray that was used or to produce testimony by someone who can say that he/she seized the spray, tested the spray, can confirm the spray at issue was in fact pepper spray, and that pepper spray causes bodily injury of the type the leiglature sought to criminalize under HRS [section] 707-712(1)(a), when it is sprayed on someone." Because those issues were addressed above, and because Williams does not contest the sufficiency of the evidence as it relates to Bayliss (Count 1) in particular, there is nothing further for our consideration.

Therefore, the Circuit Court did not err in ruling that the State made out a prima facie case that Williams committed the offense of Assault in the Third Degree against Bayliss and Kasman within the meaning of HRS section 707-712(1)(a), and Williams' second point is without merit. *See Pone*, 78 Hawai'i at 273, 892

P.2d 455 at 466; *Mattiello*, 90 Hawai'i at 259, 978 P.2d at 697.

Therefore, IT IS HEREBY ORDERED that the May 8, 2017 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 28, 2018.

On the briefs:

Barry L. Sooalo
(Law Office of Barry Sooalo, LLC)
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7